IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3165-D

| | | |
|---|---|---|
| FRANK MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALVIN KELLER, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Frank Mitchell ("Mitchell" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On February 2, 2011, the court allowed Mitchell to amend his complaint, reviewed his complaint pursuant to 28 U.S.C. § 1915A, and allowed the action to proceed [D.E. 12]. The clerk ordered North Carolina Prisoner Legal Services ("NCPLS") to investigate plaintiff's claims [D.E. 13]. On February 17, 2011, plaintiff moved to amend his complaint [D.E. 15]. On February 25, 2011, the clerk issued summonses [D.E. 16] and directed the United States Marshal to make service on behalf of plaintiff [D.E. 17]. All defendants have now been served [D.E. 18–19]. On April 4, 2011, plaintiff moved for entry of default judgment [D.E. 20].

As for Mitchell's motion to amend his complaint, Mitchell seeks to add a claim against defendants "P.A. Hine and Dr. Guleria" for failing to provide him adequate medical treatment. Mot. Amend 1–2. Because Mitchell already has amended his complaint, he may not further amend his pleading absent the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Mitchell's current complaint challenges his inability to earn gain time on his sentence due to a stroke and other medical issues. Mitchell v. Keller, No. 5:09-CT-3165-D, [D.E. 12] at 2

(E.D.N.C. Feb. 2, 2011) (unpublished).

Mitchell's request to amend his complaint to add claims concerning medical treatment implicates Rule 20(a)(2) of the Federal Rules of Civil Procedure, which states:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not provide a license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished); Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished). Mitchell's proposed additional claim bears no relation to the claims in his original and first amended complaint. Thus, the court denies his motion to amend.

As for Mitchell's motion for default judgment, defendant's answer is not yet due. Therefore, plaintiff's motion for default judgment is denied without prejudice as premature.

In sum, plaintiff's motion to amend his complaint [D.E. 15] is DENIED. Plaintiff's motion for default judgment [D.E. 20] is DENIED WITHOUT PREJUDICE. The Clerk of Court is DIRECTED to maintain management of this action.

SO ORDERED. This 25 day of April 2011.

JAMES C. DEVER III
United States District Judge